IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOECEPHUS MITTS, # N-83084, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 15-cv-10-MJR |
| | ) |
| WARDEN STEPHEN DUNCAN, | ) |
| and PHIL MARTIN, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

This matter is before the Court for case management. This action was initiated at Plaintiff's request (Doc. 1-1) to file a new case. He had brought a previous lawsuit in this Court, *Mitts v. Wahl, et al.*, Case No. 11-cv-398-JPG-PMF, which was closed on March 24, 2014, after the parties reached a settlement. Plaintiff's initial pleading in the instant matter (Doc. 1) is a three-page document entitled "Motion to Amend Petition," which appears to refer to an earlier pleading filed in Case No. 11-cv-398. The only relief Plaintiff seeks in the motion is that he be allowed to amend some earlier petition to include the new information contained in the motion.

Standing alone, this document is confusing and insufficient to serve as a complaint in this new action. It does not inform the Court or the Defendants what claims Plaintiff wishes to assert against which prison officials, or what relief he seeks from this Court in this matter. The Federal Rules of Civil Procedure provide that "[a] civil action is commenced by filing a complaint with the court." FED. R. CIV. P. 3. In other words, "the first step in the action is the filing of the complaint." *Id.*, Advisory Committee Notes, 1937 Adoption. Although *pro se* litigants are not held to the same standards applied to licensed attorneys, *Kyle v. Patterson*,

196 F.3d 695, 697 (7th Cir. 1999), they are not entitled to general dispensation from the rules of procedure, *Jones v. Phipps*, 39 F.3d 158 163 (7th Cir. 1994).

A complaint is necessary in order for the Court to ascertain the basis for jurisdiction, to determine what causes of action Plaintiff intends to assert against Defendants, and to conduct the required merits review under 28 U.S.C. § 1915A.  *See Bell v. Hood*, 327 U.S. 678, 681-82 (1946); *Greater Chicago Combine & Ctr., Inc. v. City of Chicago*, 431 F.3d 1065, 1069-70 (7th Cir. 2005).  The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  The Court will allow Plaintiff an opportunity to cure the defects in his pleading by filing a complaint within the deadline set forth below.

**IT IS THEREFORE ORDERED** that, should he wish to further pursue this action, Plaintiff **SHALL** submit a complaint, which shall supersede and replace the original pleading at Doc. 1.  *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004).  The Court notes that Plaintiff has already been advised that he must either pay the filing fee for this action, or submit a properly completed motion for leave to proceed in forma pauperis ("IFP"), no later than **February 9, 2015** (Doc. 2).  This same deadline shall apply to the submission of Plaintiff's new complaint.

It is strongly recommended that Plaintiff use the form designed for use in this District for civil rights actions.  In the caption of the complaint, he should include Case Number 15-cv-10-MJR.  The complaint shall present each claim in a separate count.  In each count, Plaintiff shall specify, *by name*,[1] each Defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that Defendant.  New individual Defendants may be

---

[1] Plaintiff may designate an unknown Defendant as John or Jane Doe, but should include descriptive information (such as job title, shift worked, or location) to assist in the person's eventual identification.

added if they were personally involved in the constitutional violations. Plaintiff should attempt to include the facts of his case in chronological order, inserting Defendants' names where necessary to identify the actors and the dates of any material acts or omissions.

The Court will not accept piecemeal amendments to the original pleading. Thus, Plaintiff's new complaint must stand on its own, without reference to any other pleading. Should the complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the complaint. Failure to file a complaint in compliance with this order shall result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b). Likewise, if Plaintiff fails to either pay the filing fee or file a motion for leave to proceed IFP by February 9, 2015, this action will be dismissed.

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the complaint.

In order to assist Plaintiff in preparing his complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 12, 2015**

                                                                s/ MICHAEL J. REAGAN
                                                                Chief Judge
                                                                United States District Court