IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOECEPHUS MITTS, # N-83084, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-cv-10-MJR |
| | ) |
| WARDEN STEPHEN DUNCAN, | ) |
| and PHIL MARTIN, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

This matter is before the Court on Plaintiff's motion for extension of time (Doc. 4). On January 12, 2015, this Court ordered Plaintiff to submit a proper complaint no later than February 9, 2015, in order to further pursue this case (Doc. 3). Plaintiff now seeks an extension of that deadline, explaining that he has not yet exhausted his administrative remedies through the grievance procedure of the Illinois Department of Corrections (IDOC). After receiving a response from the prison, he sent his grievance to the final level (the IDOC Administrative Review Board) on November 19, 2014. He has not yet received their response, and expects that the response may not be forthcoming for another six months (Doc. 4).

Plaintiff's verified motion makes clear that this action was filed prematurely. Therefore, his case must be dismissed. The dismissal shall be without prejudice, so that Plaintiff may re-file his case, if necessary, *after* he receives the final response to his grievance.

A prisoner must exhaust all available administrative remedies *before* he can bring a civil-rights action in federal court challenging any aspect of prison life. 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 532 (2002). He may not file his lawsuit in anticipation that

administrative remedies will soon be exhausted. *Perez v. Wis. Dep't of Corrs.*, 182 F.3d 532, 535 (7th Cir.1999) (citing 42 U.S.C § 1997e(a)). An attempt to exhaust available administrative remedies in the midst of litigation is insufficient. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). A suit that is filed prior to the exhaustion of available remedies must be dismissed even if the remedies become exhausted *while* the suit is pending. *Perez*, 182 F.3d at 535. This is the situation presented by the case at bar. Plaintiff filed before he completed the exhaustion process; even if exhaustion is accomplished in the future, the prematurely-filed case is doomed.

Although exhaustion "is an affirmative defense with the burden of proof on the defendants" (*Maddox v. Love*, 655 F.3d 709, 720 (7th Cir. 2011)), the district court may, if obvious from the complaint, dismiss a prisoner complaint *sua sponte* for failure to exhaust. *See also Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002). In the present case, while Plaintiff's initial pleading is insufficient to serve as a proper complaint, his failure to exhaust could not be more obvious. Accordingly, the Court finds that dismissal is required at this time.

Plaintiff incurred the obligation to pay the filing fee for this action when he requested the Court to file this new case (See Doc. 1-1). He therefore is still under the obligation to either pay the $400.00 filing fee in full, or submit a completed motion for leave to proceed *in forma pauperis* ("IFP"),[1] as ordered in Doc. 3. However, in light of the insufficiency of Plaintiff's original pleading (Doc. 1) and his inability to maintain this action due to his failure to exhaust administrative remedies before filing suit, the Court will consider excusing Plaintiff from paying yet another filing fee once he re-files his case following exhaustion of the grievance process. In order to receive this consideration, Plaintiff must comply with the fee requirements as previously ordered in this case, and he shall submit a copy of this order along with his

---

[1] If Plaintiff qualifies for pauper status, he would be exempt from the $50.00 administrative fee assessed to non-IFP litigants, and would pay a total filing fee of $350.00. *See* Judical Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14.

complaint when he files his new case.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**, because, as demonstrated in the motion at Doc. 4, Plaintiff failed to exhaust his administrative remedies before filing suit. The motion for extension of time (Doc. 4) is **DENIED AS MOOT.** Plaintiff may re-file his claim in a new case, after he has fully exhausted his administrative remedies.

The Clerk shall close this case and enter judgment accordingly.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike." A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e)[2] may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4).

**IT IS SO ORDERED.**

**DATED: February 2, 2015**

s/ MICHAEL J. REAGAN
Chief Judge, United States District Court

---

[2] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. FED. R. CIV. P. 59(e).